UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDY FELLETER<br>*Plaintiff*, | )     3:20-CV-01562 (KAD)<br>)<br>) |
| v. | )<br>) |
| REGENT INSURANCE COMPANY<br>*Defendant*. | )<br>)     February 17, 2021 |

**MEMORANDUM OF DECISION RE: DEFENDANT REGENT INSURANCE COMPANY'S MOTION TO DISMISS (ECF NO. 13)**

Kari A. Dooley, United States District Judge

Plaintiff Wendy Felleter ("Felleter") brings this breach of contract action against the Defendant Regent Insurance Company ("Regent"), seeking underinsured motorist benefits following a car accident in which a drunk driver (hereinafter, "tortfeasor") rear-ended her vehicle on August 25, 2017. The tortfeasor's insurer paid Felleter $100,000, which was the policy limit. Felleter alleges that Regent is responsible for the losses she suffered over and above the $100,000 paid to her by the tortfeasor's insurer but has breached the contract of insurance by failing to pay such sums. In addition to the breach of contract claim, which is found at Count One of the complaint, Plaintiff also brings a claim under the Connecticut Unfair Trade Practices Act ("CUTPA") by alleging violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"), which is found at Count Two.

Pending before the Court is Regent's motion to dismiss in which Regent seeks dismissal of Count One, in part, to the extent Felleter seeks to recover treble damages and attorneys' fees from Regent based on the tortfeasor's recklessness. Regent also seeks dismissal of Count Two in its entirety along with its associated demand for treble damages.

The Court has reviewed the complaint, Regent's motion to dismiss, Felleter's opposition, and Regent's reply. On February 16, 2021, the Court also had the benefit of oral argument. As a preliminary matter, Felleter does not object to the dismissal of Count Two. The Court, therefore, dismisses Count Two and the associated claim for treble damages pursuant to CUTPA. Additionally, for the following reasons, the Court GRANTS Regent's motion to dismiss Count One, in part, to the extent it seeks either treble damages or attorneys' fees arising out of the tortfeasor's recklessness.

**Standard of Review**

The standards for considering motions to dismiss under Rule 12(b)(6) are well-established. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the nonmovant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

In her complaint, Felleter alleges that her injuries were the result of the tortfeasor's reckless operation of his vehicle. She therefore seeks from Regent, as her underinsured automobile insurer,

treble damages and attorneys' fees. In the motion to dismiss, Regent first argues that Felleter failed to sufficiently plead recklessness, which might entitle Felleter to common law punitive damages, i.e. attorneys' fees, and that Felleter failed to sufficiently allege any statutory authority which might allow her to recover treble damages based on the tortfeasor's recklessness. However, the Court need not address these issues because even if the allegations sufficiently allege that the tortfeasor was reckless, Felleter is not entitled to punitive or treble damages in a suit seeking underinsured motorist benefits. On this, Connecticut law is clear.

In *Bodner v. United Servs. Auto. Ass'n*, "[t]he principal issue [was] whether common law punitive damages are recoverable under the uninsured motorist provision of an automobile insurance policy." 222 Conn. 480, 480 (1992). There, the plaintiff was injured when his car was struck by an intoxicated tortfeasor driving an uninsured motor vehicle. *Id*. at 480, 491. The Connecticut Supreme Court held that the plaintiff was not entitled to punitive damages (i.e., attorneys' fees) because his claim ran "afoul of the well-established rule that, in the absence of express contractual terms to the contrary, allowance of fees [against an insurer] . . . does not extend to services rendered in establishing the right to indemnification." *Id*. at 497 (internal quotation marks omitted). Significantly, the court explained that public policy further supported its conclusion because "[t]he public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she *would have been able to recover if the uninsured motorist had maintained a policy of liability insurance*." *Id*. at 499 (emphasis in original; internal quotation marks omitted). Therefore, because the plaintiff would not have been able to recover punitive damages from the tortfeasor's insurer had the tortfeasor been insured, "[a]llowing a recovery of punitive damages under uninsured motorist coverage would, in effect, place the insured in a better position than would exist if the tortfeasor had been insured." *Id*. (internal

3

quotation marks omitted). Thus, according to the court, "[e]ven for common law punitive damages . . . there is no discernible reason of public policy why uninsured motorist coverage should impliedly encompass a claimant's right to recover attorney's fees for pursuit of a claim against his own insurer that is premised on the egregious misconduct of the third party tortfeasor." *Id*.

Similarly, in *Caulfield v. Amica Mut. Ins. Co.*, the plaintiffs sought to recover, among other damages, statutory treble damages pursuant to CONN. GEN. STAT. § 14-295 from their insurers after they suffered injuries in a car accident caused by an intoxicated and uninsured tortfeasor. 31 Conn. App. 781, 782–83 (1993). For the same public policy reasons, the appellate court found that the plaintiffs were not entitled to recover statutory multiple damages from their insurers because they would not have been able to recover such damages from the tortfeasor's insurer had he been insured. *Id*. at 786–88.

Although *Bodner* and *Caulfield* addressed whether insureds were entitled to recover punitive and statutory treble damages from their insurers based on a third-party tortfeasor's recklessness in the uninsured motorist benefits context, Connecticut superior courts have repeatedly applied *Bodner* and *Caulfield* in the underinsured motorist benefits context. *See Scharf v. Travelers Home & Marine Ins. Co.*, 2014 WL 5569187 (Conn. Super. Ct. Oct. 2, 2014); *Hood v. Great Am. Ins. Co.*, 2003 WL 1962869 (Conn. Super. Ct. Apr. 14, 2003); *Laudette v. Peerless Ins. Co*., 2000 WL 992155 (Conn. Super. Ct. July 3, 2000). Indeed, "[c]onsistent with the similar purposes of the two types of coverage, [the Connecticut] Supreme Court has often held that statutes and regulations that apply to uninsured motorist coverage equally apply to underinsured motorist coverage." *Gohel v. Allstate Ins. Co.*, 61 Conn. App. 806, 817 (2001) (internal quotation marks omitted).

At oral argument, Felleter argued that a Connecticut Supreme Court decision, *Nationwide Mut. Ins. Co. v. Pasiak*, stands for the proposition that, notwithstanding *Bodner* and *Caulfield*, an insured can seek indemnification for an award of punitive damages from his insurer. 327 Conn. 225 (2017).[1] In *Pasiak*, the Supreme Court considered "whether an insurer is obligated to indemnify [its insured, a business owner,] under a personal insurance policy for liability arising from his false imprisonment of his company's employee at her workplace[.]" *Id*. at 228–29. The insurers argued that, under *Bodner*, they should not be obligated to indemnify the business owner for a punitive damages jury award because "it would violate public policy to construe a policy to indemnify a wrongdoer for punitive damages." *Id*. at 259. The court was unpersuaded. First, it observed that *Bodner* focused on "policy considerations specific to uninsured motorist coverage . . . [which] serves a different function than coverage under a personal liability policy," and accordingly determined that such policy considerations were not implicated in the case before it. *Id*. at 259–60. The court also distinguished *Bodner* because the policy at issue in *Pasiak* specifically covered false imprisonment and the court viewed it "[un]seemly for insurance companies to collect premiums for risks which they voluntarily undertake, and for which they actively advertise in competition with other companies, and then when a loss arises to say 'It is against public policy for us to pay this award.'" *Id*. at 261 (internal quotation marks and citations omitted). The court then concluded, "**in the absence of a public policy reflected in our laws against providing such coverage**, . . . under the facts of the present case, the [insurers were] bound to keep the bargain they struck, which include[d] coverage for common-law punitive damages for false imprisonment." *Id*. at 261–62 (emphasis added). *Bodner* and *Caulfield* identify

---

[1] At oral argument, Felleter cited to the appellate court decision, *Nationwide Mut. Ins. Co. v. Pasiak*, 161 Conn. App. 86, 89, (2015), *rev'd*, 327 Conn. 225 (2017). The appellate court decision principally discusses the applicability of a business pursuits exclusion and does not otherwise discuss *Bodner* or *Caulfield*.

such public policy as precluding such coverage in the uninsured motorist context and *Pasiak* did not role back or limit the holding of either *Bodner* or *Caulfield*.

For all of these reasons, to the extent Felleter seeks to recover punitive damages, including attorneys' fees, and statutory treble damages based on the tortfeasor's recklessness, *Bodner* and *Caulfield* preclude any such recovery. Accordingly, Regent's motion to dismiss Count One, in part, is GRANTED.

**Conclusion**

Felleter's claim for attorneys' fees and statutory treble damages based on the tortfeasor's recklessness alleged in Count One is dismissed. Count Two is also dismissed along with Felleter's associated claim for treble damages for violations of CUTPA and CUIPA.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of February 2021.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE